UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                                   Case No. 1-99-cr-151-01

    Plaintiff,                                                                    Hon. Richard Alan Enslen

v.

EUGENE JABBAR WILLIAMS,
                                                       **ORDER**

    Defendant.
_____/

    This matter is before the Court on Defendant Eugene Jabbar Williams' Motion for Modification of Sentence. The Government has responded to Defendant's Motion pointing out misplaced legal citation but making no recommendation to the Court as to its position on the issue.

    Defendant was originally sentenced to 80 months imprisonment and a three year term of supervised release for his conviction for bank robbery. In November 2006, Defendant's supervised release was revoked after Defendant admitted to two violations of his supervised release conditions. Defendant was then sentenced to a term of 12 months imprisonment to be followed by 24 months of supervised release. Pursuant to an additional term of his supervised release, Defendant must reside for a period of six months at the Community Alternatives Program ("CAP") located in Grand Rapids, Michigan.

    Defendant argues the Court should modify the conditions of his supervised release such that he serve six months of home confinement rather than six months at CAP. Defendant implies the condition of six months detention at CAP illegally prolongs his incarceration because a court may not impose a term of confinement at a community corrections facility as a condition of supervised release. *See* 18 U.S.C. § 3583(d). Defendant also requests the Court modify its Order to allow home

detention as such a modification would allow him to better provide for his children and maintain employment.

The Court notes that its Order did not illegally or improperly prolong Defendant's incarceration. Pursuant to the United States Sentencing Guidelines § 5C1.1, Imposition of a Term of Imprisonment and/or § 7B1.3, Revocation of Probation or Supervised Release, the Court may sentence Defendant to a term of imprisonment which includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e).[1] Defendant's violation was a Class C felony, therefore, his statutory maximum custody term was 24 months. 18 U.S.C. § 3583(e)(3). At the time Defendant was originally sentenced the maximum term of supervised release available was 36 months. (*See* Violation Report at 3.) The Court imposed an imprisonment term of 12 months and an additional condition of supervised release of six months of community confinement, which results in a total custody term of 18 months. As the Court imposed a term of imprisonment less than the statutory maximum, the Court was permitted by law to recommence supervised release, less any custody term imposed. 18 U.S.C. § 3583(h). Moreover, the Court recognizes that the Sentencing Guidelines are no longer mandatory and therefore, the Court has discretion in its sentencing. *See United States v. Booker*, 543 U.S. 220, 245 (2005). Accordingly, Defendant's sentence did not improperly extend his custody term, nor was it improper.

To the extent Defendant requests his sentence of community confinement be modified pursuant to 18 U.S.C. § 3583(e), this request is also denied. The Court may modify the conditions

---

[1]Section 5C1.1(e) sets forth that one day of community confinement shall count as one day of imprisonment.

of supervised release after considering the factors set forth in section 3553(a). *See* 18 U.S.C. § 3583(e). The Court sentenced Defendant to an appropriate sentence in light of his violations while on supervised release. A term of community confinement appropriately reflects the nature of the violations and also affords Defendant with correctional treatment which will likely be the most effective – that is a halfway house which will afford Defendant the structure and oversight he needs to properly conform with the conditions of supervised release. 18 U.S.C. §§ 3553(a)(1), (a)(2)(D). As the Court is unpersuaded that home confinement will offer the same benefits, Defendant's Motion is denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eugene Jabbar Williams' Motion for Modification of Sentence (Dkt. No. 38) is **DENIED**.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
July 2, 2007  Richard Alan Enslen
  Senior United States District Judge